Michael Louis Kelly - State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh - State Bar No. 180361
bvp@kirtlandpackard.com
Heather M. Peterson - State Bar No. 261303
hmp@kirtlandpackard.com
Amir D. Benakote - State Bar No. 277158
adb@kirtlandpackard.com
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue, 3rd Floor
El Segundo, California 90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

*Counsel for Plaintiff and all others similarly situated*

FILED
2012 MAY -4 PM 3:00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THOMAS LEE WILLIAMS, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

BPI SPORTS, LLC, a Florida Limited Liability Company, and DOES 1-10, inclusive,

Defendant

Case No. CV12-3926 SVW (Ex)

BY FAX

**CLASS ACTION COMPLAINT FOR:**

**1. VIOLATION OF THE FALSE ADVERTISING LAWS ("FAL"); Bus. & Prof. Code §17500 et seq.;**

**2. VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAWS ("UCL"); Bus. & Prof. Code §17200 et seq.;**

**3. VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA"), Civil Code §1750 et seq.**

**DEMAND FOR JURY TRIAL**

Plaintiff Thomas Lee Williams ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except to his own acts, which he alleges upon personal knowledge:

///

///

## PARTIES

1. Plaintiff Thomas Lee Williams is a resident of Los Angeles County, California and purchased Roxylean and 1.M.R. in Los Angeles County, California. Plaintiff relied on Defendant's representations regarding the efficacy and lack of warnings regarding the dangerous ingredients within Roxylean and 1.M.R. (hereafter referred to herein as "Products"), as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as much for such Products.

2. Defendant BPI Sports, LLC is a Florida limited liability company with its principal place of business in Florida. BPI Sports, LLC develops and markets Roxylean and 1.M.R., and has sold such products in California and across the United States of America.

3. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

4. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (BPI Sports, LLC and DOE Defendants will hereafter collectively be referred to as "Defendant").

## JURISDICTION AND VENUE

5. A Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a

class action in which some members of the class are citizens of different states than the Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

6. This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## FACTUAL ALLEGATIONS

8. Defendant manufactures, markets and sells Roxylean and 1.M.R. supplements. Defendant manufactures, markets, and sells Roxylean as a supplement that can provide effective weight loss, stating that "[w]hether its going to work, driving around town, or having the best workout of your life, RoxyLean speeds up your physical and mental processes [and]…it is an ABSOLUTE must for STIMULATING weight loss." Defendant also manufactures, markets, and sells 1.M.R. as a supplement that can provide effective muscle building, stating "[i]n each small scoop is a heavily concentrated, mind-blowing dose of Energy and Strength that will knock you into the best workout of your life!" However, Defendant fails to warn consumers that its Products contains Dimethylamylamine, also known as DMAA.

9. The form of DMAA Defendant uses in the Products is a synthetic form that is both illegal and dangerous. Defendant's advertising statements, which fail to mention the risks associated with this ingredient, are both false and misleading to consumers.

10. Defendant's DMAA is manufactured synthetically, and therefore unlawfully on the market as an ingredient in Defendant's Products which, because they include Defendant's DMAA, are both "adulterated" dietary supplements pursuant to the Food, Drug, and Cosmetic Act. Assuming, *arguendo*, Defendant's DMAA is not synthetically manufactured and it is instead naturally extracted from the geranium plant, Defendant's DMAA, by virtue of its inclusion in its Products, makes the Products

"adulterated" dietary supplements and unlawfully on the market pursuant to the Food, Drug, and Cosmetic Act.

11. Before marketing a product containing DMAA, manufacturers and distributors have a responsibility under the law to provide evidence of the safety of its Products. Defendant has failed to do that, which made Roxylean and 1.M.R. adulterated.

12. Supplement manufacturers or distributors who use certain dietary ingredients not marketed in a dietary supplement prior to October 15, 1994, which includes DMAA, are responsible for notifying the FDA of evidence to support their conclusion that their dietary supplements containing NDIs are safe. Manufacturers or distributors must submit notification at least 75 days before marketing its Products.

13. In fact, other manufacturers of products containing DMAA have already received warning letters from the FDA citing the companies for marketing Products for which a notification had not been submitted for the use of DMAA as a New Dietary Ingredient (NDI). Likewise, this requirement had not been met for Defendant's marketing of Roxylean and 1.M.R.

14. Other manufacturers of products containing DMAA have also been advised that the FDA is not aware of evidence or history of use to indicate that DMAA is safe. Under the Dietary Supplement Health and Education Act of 1994 (DSHEA), manufacturers, marketers and distributors of dietary supplements are responsible for ensuring that they are marketing a safe product.

15. DMAA is known to narrow the blood vessels and arteries, which can elevate blood pressure and may lead to cardiovascular events ranging from shortness of breath and tightening in the chest to heart attack. The FDA has received 42 adverse event reports on products containing DMAA, some including complaints of cardiac disorders, nervous system disorders, psychiatric disorders, and death.

16. Other manufacturers of products containing DMAA have already been warned by the FDA that synthetically produced DMAA is not a "dietary ingredient"

and, therefore, is not eligible to be used as an active ingredient in a dietary supplement. DSHEA defines a dietary ingredient as a vitamin, mineral, amino acid, herb or other botanical, a dietary substance for use by man to supplement the diet, or a concentrate, metabolite, constituent, extract, or combination of these substances.

17. Concern about the safety and legality of DMAA has spread so wide that the United States military removed all products containing DMAA from their Army and Air Force Exchange Service and Navy Exchange stores around the world on December 3, 2011. The U.S. military was prompted to remove all DMAA products from their shelves after two soldiers suffered heart attacks and died earlier in 2011 during physical training. The deaths prompted the U.S. to Army to launch an "ongoing safety review after recording a number of other serious health effects among known and potential users of products containing DMAA including kidney and liver failure, seizures, loss of consciousness, heat injury and muscle breakdown during exertion, and rapid heartbeat."

18. Defendant's misrepresentations regarding the efficacy, safety and legality of the Products were designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe that the Products were not only effective, but legal and safe as well. Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Products but for Defendant's misrepresentations.

19. As a result of Defendant's false advertising claims, Defendant has wrongfully taken millions of dollars from California and nationwide consumers.

20. Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands of consumers nationwide by Defendant, and to recover the funds taken by this unlawful practice.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the class and subclasses below (referred to hereafter as the "Class") defined as follows:

California Class: The class the Plaintiff seeks to represent consists of all persons who are citizens or residents of California who purchased Roxylean and/or 1.M.R. within the four years prior to the filing of the initial complaint. Excluded from the class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person. Also excluded is any judge who may preside over this case, and such judge's immediate family or courtroom staff.

Nationwide Class: The class the Plaintiff seeks to represent consists of all persons who are citizens or residents of the United States of America who purchased Roxylean and/or 1.M.R. within the four years prior to the filing of the initial complaint. Excluded from the class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers and directors of Defendant, and the immediate family member of any such person. Also excluded is any judge who may preside over this case, and such judge's immediate family or courtroom staff.

22. This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

23. [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes thousands of members. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

24. [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual

members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) Whether Defendant's advertising or labeling are false or misleading;

(b) Whether Defendant's Products contain DMAA;

(b) Whether DMAA is unsafe;

(c) Whether Defendant's conduct violates the CLRA or other laws;

(d) Whether Defendant's conduct is "unfair" under Bus. & Prof. Code Section 17200;

(e) Whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to damages, restitution, equitable relief and other relief, and the amount and nature of such relief.

25. [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

26. [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

27. [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to

the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28. [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

29. [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

30. [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**

**Business and Professions Code §17500**

**(Violation of the False Advertising Act)**

**(By Plaintiff and the Class Against All Defendants)**

31. Plaintiff hereby incorporates paragraphs 1-30 above as if set forth in full.

32. California Business and Professions Code (the "Code") § 17500 provides that "[i]t is unlawful for any ... corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the

Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

33. Defendant misled consumers by making untrue statements and failing to disclose what is required as stated in the Code, as alleged above.

34. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money or property.

35. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

**SECOND CAUSE OF ACTION**

**Business and Professions Code § 17200, et seq.**

**(Violation of the Unfair Competition Law)**

**(By Plaintiff and the Class Against All Defendants)**

36. Plaintiff hereby incorporates paragraphs 1-35 above as if set forth in full.

37. California Business and Professions Code § 17200, et seq., (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

38. The UCL imposes strict liability. Plaintiff need not prove that Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but only that such practices occurred.

39. The material misrepresentations, concealment, and non-disclosures by Defendant and DOES 1-10 as part of their marketing and advertising of their Product are unlawful, unfair, and fraudulent business practices prohibited by the UCL.

40. In carrying out such marketing, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations,

statutes, and/or common law duties. Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

41. The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

42. Defendant's practices are additionally unfair because they have caused Plaintiff and the Class substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided.

43. Defendant's practices, as set forth above, have misled the general public in the past and will mislead the general public in the future. Consequently, Defendant's practices constitute an unlawful and unfair business practice within the meaning of the UCL.

44. Pursuant to California Business and Professions Code § 17204, an action for unfair competition may be brought by any "person . . . who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendant's wrongful misrepresentations and omissions have directly and seriously injured Plaintiff and the putative class by causing them to pay for a product because they relied on the false and misleading marketing and advertising statements of Defendant.

45. The unlawful, unfair, and fraudulent business practices of Defendant are ongoing and present a continuing threat that members of the public will be misled into purchasing Roxylean and/or 1.M.R. based on the belief that they are safe when, in fact, this is not the case.

46. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all of Defendant's revenues

associated with Defendant's unfair competition, or such portion of those revenues as the Court may find equitable.

**THIRD CAUSE OF ACTION**

**Civil Code § 1770, et seq.**

**(Violation of the Consumer Legal Remedies Act)**

**(By Plaintiff and the Class Against All Defendants)**

47. Plaintiff hereby incorporates paragraphs 1-46 above as if set forth in full.

48. The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civil Code § 1760 et seq. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

49. Plaintiff has standing to pursue this claim as Plaintiff purchased Roxylean and 1.M.R., believing that they were safe. One of the reasons that Plaintiff purchased the Products is because he believed the Products were safe and backed by science, based on the statements made by Defendant. Plaintiff and the Class relied on Defendant's advertising and have been damaged because the supplements purchased are not safe and are not backed by science and they received negative results from the Products; had they known this, they would have either not bought the Products or paid less for them.

50. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the California CLRA since Defendant is still representing that its Products have characteristics which are false and misleading, and have injured Plaintiff and the Class.

51. More specifically, Plaintiff alleges that Defendant has violated paragraphs 5, 7, and 9 of California Civil Code § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendant's unfair and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in Plaintiff and Class members purchasing Defendant's Products, in violation of the CLRA. Cal. Civil Code § 1770, et seq.

52. As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and all consumers who purchased Defendant's supplement Products have suffered damage and lost money in that they paid for a Product that did not have the characteristics and benefits as represented. Plaintiff seeks and is entitled to an order enjoining Defendant from continuing to engage in the unfair and deceptive business practices alleged herein.

53. Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendant in writing of the particular violations of Section 1770 of the CLRA (the "Notice Letter"). If Defendant fails to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter, pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to further request damages under the CLRA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2. For certification of the putative class;

3. For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4. For an accounting by Defendant for any and all profits derived by Defendant from its herein-alleged unlawful, unfair, and/or fraudulent conduct and/or business practices;

5. An award of statutory damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

6. An award of general damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

7. An award of special damages according to proof, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

8. Exemplary damages, except that no damages are currently sought on Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this time;

9. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5, the CLRA, and the common law private attorney general doctrine;

10. For costs of suit; and

11. For such other and further relief as the Court deems just and proper.

//

//

//

//

//

Dated: May 3, 2012

KIRTLAND & PACKARD LLP

By:____________________________

MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. PETERSON
AMIR D. BENAKOTE
*Counsel for Plaintiff and all others similarly situated*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all causes of actions so triable.

Dated: May 3, 2012

KIRTLAND & PACKARD LLP

By:____________________________

MICHAEL LOUIS KELLY
BEHRAM V. PAREKH
HEATHER M. PETERSON
AMIR D. BENAKOTE
*Counsel for Plaintiff and all others similarly situated*

I, Thomas Lee Williams, declare as follows:

1. I am a Plaintiff in this action, and am a citizen of the State of California. I have personal knowledge of the facts herein and, if called as a witness, I could and would testify competently thereto.

2. The Complaint in this action, filed concurrently with this Declaration, is filed in the proper place for trial under Civil Code Section 1780(d) in that Los Angeles County is a county in which Defendants are doing business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Thomas Lee Williams

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

**CV12- 3926 SVW (Ex)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS LEE WILLIAMS, on behalf of himself and all others similarly situated,<br>PLAINTIFF(S)<br>v.<br>BPI SPORTS, LLC, a Florida Limited Liability Company, and DOES 1-10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br>CV12-3926 SVW (Ex)<br><br>**SUMMONS** |

TO: DEFENDANT(S): ____________________

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] ____________ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Michael Louis Kelly, whose address is 2041 Rosecrans Avenue, Third Floor, El Segundo, CA 90245. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY - 4 2012

By: [signature]
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE WILLIAMS, on behalf of himself and all others similarly situated,<br>PLAINTIFF(S)<br>v.<br>BPI SPORTS, LLC, a Florida Limited Liability Company, and DOES 1-10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br>CV12-3926 SVW (Ex)<br><br>SUMMONS |

TO: DEFENDANT(S): ____________________

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] ________ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Michael Louis Kelly, whose address is 2041 Rosecrans Avenue, Third Floor, El Segundo, CA 90245. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY - 4 2012

By: SHEA BOURGEOIS
Deputy Clerk

SEAL

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself [ ])

THOMAS LEE WILLIAMS, on behalf of himself and all others similarly situated,

**DEFENDANTS**

BPI SPORTS, LLC, a Florida Limited Liability Company, and DOES 1-10, inclusive,

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Michael Louis Kelly
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue
Third Floor
El Segundo, CA 90245
(310) 536-1000

Attorneys (If Known)

BY FAX

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES -** For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify):
- [ ] 6 Multi-District Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** [X] Yes [ ] No

[X] **MONEY DEMANDED IN COMPLAINT: $** TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332(d)(2)(A) - Class Action Fairness Act Diversity - false and misleading advertising causing Plaintiff and the Class to purchase Defendant's products.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [X] 890 Other Statutory Actions
- [ ] 891 Agricultural Act
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Info. Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpractice
- [ ] 365 Personal Injury-Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus-Alien Detainee
- [ ] 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 445 American with Disabilities - Employment
- [ ] 446 American with Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence Habeas Corpus
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus/ Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/ PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

CV12-3926

**FOR OFFICE USE ONLY:** Case Number: ____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [x] No [ ] Yes

If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [x] No [ ] Yes

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Williams - Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | BPI SPORTS, LLC - Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Williams' claim - Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** May 4, 2012

Heather M. Peterson

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |